**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LWC ASSETS IP, LLC,** *Plaintiff,* | § § | |
| | § | |
| **v.** | § | **Case No: ________________** |
| | § | |
| **CABLE NEWS NETWORK, INC., CNN AMERICA, INC. AND JUBILEE, INC.,** *Defendants.* | § § § | |

**<u>COMPLAINT</u>**

Plaintiff LWC Assets IP, LLC ("**LWC IP**" or "**Plaintiff**") files this Original Complaint against Defendants Cable News Network, Inc., CNN America, Inc. (Cable News Network Inc, and CNN America, Inc. shall collectively be referred to as "**CNN**"), and Jubilee, Inc. ("**Jubilee**"), (collectively, "**Defendants**"), and in support shows:

**INTRODUCTION**

1. This case arises from Defendants' deliberate exploitation of LWC IP's famous "Change My Mind" trademark (the "**Mark**") to advance the political objectives of James Talarico's ("**Mr. Talarico**") Senate campaign and profit off the goodwill and viewership of Louder with Crowder. The Mark is closely identified with Louder with Crowder and Steven Crowder, one of the most recognizable conservative comedian, host, and political commentators in the United States. In a nationally televised town hall, Defendants appropriated LWC IP's mark and signature format to leverage the goodwill and credibility Steven Crowder and Louder with Crowder have cultivated among conservative and Republican audiences over nearly a decade. Defendants did so in the midst of a closely watched Texas Senate race, seeking to benefit from the public association between the Mark and conservative political discourse while creating a likelihood that viewers

would perceive endorsement, sponsorship, or affiliation where none existed. Defendants' conduct constitutes an intentional effort to trade upon Plaintiff's goodwill for political and commercial gain.

2. Defendants' unauthorized use of the Mark constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), common law, and has caused and continues to cause irreparable harm to Plaintiff's valuable goodwill and brand identity.

**PARTIES**

3. Plaintiff LWC IP is a Texas limited liability company with a principal place of business in Dallas County, Texas.

4. Defendant Cable News Network, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia, and may be served through serving the Texas Secretary of State.

5. Defendant CNN America, Inc. is a foreign for-profit corporation with a principal place of business at Corporate Tax One CNN Center 14SW, Atlanta, Georgia 30303, and may be served through its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Defendant Jubilee is a foreign for-profit corporation with a principal place of business at 5200 W. Century Blvd., Suite 704, Los Angeles, California 90045, and may be served through serving the Texas Secretary of State.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to LWC IP's claims occurred in this judicial district.

## FACTS

### A. OWNERSHIP AND GOODWILL

9. Plaintiff owns all rights in the "Change My Mind" Mark and the substantial goodwill associated with that Mark. Plaintiff has granted its affiliate, Louder with Crowder LLC ("**Louder with Crowder"**) and host Steven Crowder[1], the exclusive use of the Mark in commerce, and all such use inures to Plaintiff's benefit. Through years of continuous use, promotion, and public recognition, LWC has cultivated significant goodwill in the Mark. Defendants' unauthorized use has impaired Plaintiff's exclusive rights, diminished Plaintiff's control over its brand identity, and damaged the goodwill associated with the Mark. Plaintiff therefore has standing to pursue all claims and remedies asserted herein.

### B. USE AND REGISTRATION OF THE MARK

10. LWC IP is the owner of the distinctive and federally registered "Change My Mind" trademark, which LWC has used continuously in commerce since 2017 in connection with political commentary, media content, live interviews and dialogues, and related merchandise.

11. LWC first used the Mark on October 21, 2017, in its first Change My Mind video, "I'm Pro-Gun, Change My Mind."

[1] Plaintiff, Louder with Crowder, and Steven Crowder shall collectively be referred to as "**LWC**".




*https://www.youtube.com/watch?v=APC2jnOSfhQ*

12. The Mark is the centerpiece of the widely recognized "Change My Mind" series created and popularized by Steven Crowder through Louder with Crowder. In that series, participants engage in one-on-one dialogue concerning controversial political and social issues while seated behind signage prominently bearing the Mark. To date, LWC has published over 80 Change My Mind videos using the Mark and this distinctive format.

13. Through years of continuous use, hundreds of millions of views, extensive media exposure, and substantial investment, Plaintiff has driven widespread consumer recognition of the Mark. The Mark has become immediately recognizable to consumers as identifying Plaintiff and no one else.

14. The Mark is particularly well known among audiences interested in conservative and Republican leaning political commentary and is closely associated with Steven Crowder, conservative political discourse, and Plaintiff's distinctive format.

15. On January 14, 2020, Plaintiff obtained federal registration for the Mark, Registration No. 5960565, from the United States Patent and Trademark Office ("**USPTO**"). The registration remains valid and active today.

16. Plaintiff has never granted Defendants permission to use the Mark, imitate the Mark, or exploit the goodwill associated with the Mark in connection with any media production, political campaign, or public event.

17. As a result of Plaintiff's longstanding use and federal registration, Defendants had actual and constructive notice of Plaintiff's exclusive rights in the Mark before engaging in the conduct alleged herein.

**C. TALARICO'S CAMPAIGN**

18. Since announcing his candidacy for Texas's United States Senate seat, Mr. Talarico and his campaign have engaged in a sustained effort to broaden Mr. Talarico's appeal beyond traditional Democratic voters and cultivate support among politically moderate and conservative Texans.

19. A central component of that effort has been the campaign's repeated emphasis on Mr. Talarico's claimed ability to attract support from Republicans and conservatives despite his extreme Democratic political positions. Mr. Talarico publicly promoted this message through media appearances, campaign events, and carefully curated interactions designed to portray him as a candidate capable of bridging the political divide.

20. To advance this objective, Defendants sought to associate Mr. Talarico with symbols, messaging, and formats carrying established credibility among conservative audiences. One of the most recognizable of those formats is the "Change My Mind" series created and popularized by Louder with Crowder and its host, Steven Crowder.

21. For years, the "Change My Mind" Mark has been synonymous with LWC, conservative political commentary, and one-on-one public dialogues regarding controversial political issues. LWC invested substantial time, effort, and resources establishing the Mark as a distinctive identifier of LWC's services and reputation among millions of viewers nationwide.

**D. TOWN HALL**

22. Jubilee has built its brand, in substantial part, by adopting and reproducing the spirit, concepts, and ideas associated with LWC and its distinctive content. Although Jubilee's prior conduct stopped short of any actual violation, Defendants crossed that line during the town hall by intentionally and knowingly copying LWC's Mark verbatim.

23. On October 14, 2026, CNN and Jubilee hosted a nationally televised town hall in Fort Worth, Texas featuring Mr. Talarico. During the event, participants were invited to engage Mr. Talarico in one-on-one dialogues concerning politically divisive topics in a format intentionally modeled after LWC's well-known "Change My Mind" series.

24. Throughout the event, Defendants prominently displayed Plaintiff's "Change My Mind" Mark and adopted the distinctive presentation, structure, and visual appearance associated with LWC's series.




*https://www.cnn.com/videos/title-2601240?episode=2601242*

25. Defendants did not merely reference Plaintiff's mark. They appropriated the Mark itself, together with the precise format and branding for which LWC is known, to create an unmistakable association with LWC's widely recognized conservative platform.




*https://www.cnn.com/videos/title-2601240?episode=2601242*




*https://www.youtube.com/watch?v=eUd6Z_zyXZM*

26. Defendants' intentional infringement is especially clear here, given the infringing mark's prominent display with topics within the context of one-on-one discourse about those topics. Even the coloring used in the infringing mark imitates LWC's use of the Mark in providing its services (i.e., the use of red on the final word) in such a way intended to immediately draw association with the "Change My Mind" series.




*https://www.cnn.com/videos/title-2601240?episode=2601242*




*https://www.youtube.com/watch?v=DmAVxAMPZuk*

27. Upon information and belief, Defendants intentionally employed Plaintiff's Mark because of LWC's substantial goodwill and recognition among conservative and Republican audiences. Defendants understood that the Mark is uniquely associated with LWC and its

conservative brand and that use of the Mark would convey authenticity and credibility to viewers familiar with LWC's content and the Republican platform.

28. By appropriating the Mark during a nationally televised Senate campaign event, Defendants sought to benefit from the goodwill, reputation, and audience trust LWC spent years developing. Defendants further sought to create the false impression that LWC approved of, endorsed, sponsored, or were otherwise associated with Mr. Talarico's campaign and political messaging.

29. Defendants further exploited the Mark to monetize the resulting viewership. Defendants leveraged the public's familiarity with the Mark to maximize their audience, directly generating profit from the increased viewership and the advertisements broadcast during the town hall.

30. Defendants' conduct was knowing, intentional, and undertaken in connection with promoting both the media and entertainment services of CNN and Jubilee and the political objectives of Mr. Talarico and his campaign. Defendants' unauthorized use of the Mark constituted a deliberate attempt to trade upon LWC's reputation and goodwill for Defendants' own commercial and political benefit.

31. As a direct and proximate result of Defendants' conduct, consumers and viewers are likely to believe incorrectly that LWC is affiliated with, sponsors, endorses, or otherwise supports Defendants and their activities. The resulting consumer confusion and dilution threaten the substantial goodwill LWC has developed in Plaintiff's famous "Change My Mind" Mark.

**COUNT ONE**
***Trademark Infringement, 15 U.S.C. § 1114(1)***

32. LWC IP realleges and incorporates the foregoing paragraphs by reference as though set forth fully herein.

33. LWC IP is the exclusive owner of the trademarked Mark.

34. LWC IP has the exclusive right to use the Mark in United States commerce for, inter alia, advertising, promoting, and profiting from its political entertainment services.

35. The Mark is properly registered with the USPTO, and LWC IP has complied with all statutory formalities under the Lanham Act and regulations published by the USPTO.

36. The Mark is inherently distinctive and/or has acquired distinctiveness through its identification of LWC as the exclusive source of the services offered under the registered Mark (including, without limitation, political commentary arising from LWC's one-on-one series, "Change My Mind").

37. LWC IP has not granted Defendants a license or the right to use the Mark in any manner, nor has LWC IP assigned any of its exclusive rights in the Mark to any Defendant.

38. Without permission or authorization from LWC IP and in willful violation of LWC IP's rights under the Lanham Act, Defendants improperly and illegally reproduced, counterfeited, copied, and/or colorably imitated the Mark for use in the CNN town hall in connection with the advertising, promotion, offering for sale, and/or sale of services, as alleged herein. The reproduction and imitation of the Mark caused and is likely to continue causing consumer and viewer confusion, mistake, and/or deception about whether Defendants are associated with or otherwise endorsed by LWC IP and/or LWC. This is particularly troubling given the coordinated efforts by Defendants to demonstrate the purported support Mr. Talarico has from Republicans.

39. Defendants had actual and constructive knowledge of LWC IP's superior rights in its registered Mark due to LWC IP's almost decade long, continuous use of its Mark in United States commerce and LWC IP's federal registration of the Mark.

40. Defendants made use of the infringing mark in furtherance of Defendants' willful scheme of trading upon the extensive customer goodwill, reputation, fame, and commercial success of services that LWC offers under the registered Mark, including political commentary services.

41. On information and belief, Defendants profited from their infringement of the Mark.

42. Defendants' acts and conduct as described herein constitute trademark infringement, in violation of 15 U.S.C. § 1114(1)(a).

43. LWC IP has suffered, and will continue to suffer, irreparable harm from Defendants' acts and conduct described herein, unless enjoined by this Court.

44. LWC IP has been damaged by the acts of Defendants in an amount to be proved at trial.

45. LWC IP requests the relief set forth in its Prayer for Relief below.

46. As a result of Defendants' violations of the Lanham Act, LWC IP is entitled to an award of actual damages and disgorgement of all Defendants' profits attributable to the infringement as provided by 15 U.S.C. § 1117 in an amount to be proven, or, in the alternative, at LWC IP's election, an award for statutory damages against Defendants for the infringement under 15 U.S.C. § 1117(c).

47. As a result of Defendants' violations of the Lanham Act, LWC IP is entitled to injunctive relief to prevent or restrain infringement of the Trademark under 15 U.S.C. § 1116.

**COUNT TWO**
***Trademark Counterfeit, 15 U.S.C. § 1117(b)***

48. LWC IP realleges and incorporates the foregoing paragraphs by reference as though set forth fully herein.

49. At all relevant times, LWC IP's Mark has been validly registered on the Principal Register of the USPTO for use in connection with entertainment and political commentary services.

50. Without LWC IP's authorization or consent, Defendants intentionally utilized a spurious mark that is identical with, or substantially indistinguishable from, LWC IP's registered Mark.

51. Defendants displayed and used this counterfeit mark in commerce in direct connection with the exact same types of services for which LWC IP's Mark is registered; namely, the advertising, promoting, and provision of media, entertainment, and political services during the CNN town hall.

52. Even more egregiously, Defendants used the counterfeit mark in furtherance and promotion of the precise one-on-one, informal format pioneered by LWC.

53. Defendants knew that the mark they displayed was a counterfeit of LWC IP's registered Mark, yet they willfully and intentionally used it as part of a scheme to manufacture a false association with LWC IP and to trade upon LWC IP's established goodwill.

54. Defendants' unauthorized use of the counterfeit mark constitutes counterfeiting in direct violation of the Lanham Act, 15 U.S.C. § 1114(1)(a).

55. As a direct and proximate result of Defendants' counterfeiting, LWC IP has suffered substantial damages, and Defendants have unjustly acquired illicit profits.

56. Because Defendants intentionally used a mark knowing it to be a counterfeit, LWC IP is entitled to mandatory treble damages or profits (whichever is greater), along with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(b). Alternatively, LWC IP may elect to recover statutory damages of up to $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c).

57. LWC IP has suffered, and will continue to suffer, irreparable harm from Defendants' acts and conduct as described herein, for which there is no adequate remedy at law, unless restrained by this Court.

**COUNT THREE**
***Trademark Dilution, 15 U.S.C. § 1125(c)***

58. LWC IP realleges and incorporates the foregoing paragraphs by reference as though set forth fully herein.

59. Since its original publication in 2017, the Mark has become widely recognized by the general consuming public of the United States as a designation of the services performed by LWC.

60. Defendants committed willful dilution by blurring under 15 U.S.C. § 1125(c) by using a nearly identical infringing mark notwithstanding the Mark's distinctive nature and LWC's exclusive use thereof.

61. As a result of Defendants' dilution of the Mark, LWC IP is entitled to an award of actual damages and disgorgement of all Defendants' profits attributable to the infringement as provided by 15 U.S.C. § 1117 in an amount to be proven.

62. As a result of Defendants' dilution of the Trademark, LWC IP is entitled to injunctive relief to prevent or restrain infringement of the Trademark under 15 U.S.C. § 1116.

**CONDITIONS PRECEDENT**

63. All conditions precedent to LWC IP's claims have occurred, are excused, and/or have been performed.

**PRAYER FOR RELIEF**

Plaintiff LWC Assets IP, LLC requests that the Court enter a judgment finding that Defendants Cable News Network, Inc., CNN America, Inc., and Jubilee, Inc. have infringed LWC's valid and active trademark, "Change My Mind," in violation of 15 U.S.C. § 1051, *et seq*., and grant the following relief:

a. A temporary order and preliminary injunction against Defendants' continued use of the infringing mark or any mark confusingly similar to the registered Mark;

b. A permanent injunction restraining Defendants from continued use of the infringing mark or any marks confusingly similar to the registered Mark;

c. Actual damages for LWC IP's financial loss and loss of goodwill incurred as a result of Defendants' unlawful use of the infringing mark;

d. Disgorgement of Defendants' profits gained as a result of their unlawful use of the infringing mark;

e. Treble damages or profits;

f. A reasonable royalty for Defendants' use of the infringing mark;

g. All reasonable and necessary attorneys' fees;

h. Costs of court;

i. Pre- and post-judgment interest; and

j. All other relief that this Court deems just and proper.

Respectfully submitted,

**PLATT RICHMOND PLLC**

*/s/ Kinsey D. Lakey*

**KINSEY D. LAKEY**
Texas Bar No. 24122134
klakey@plattrichmond.com
**HEIDI B. ROSKELLEY**
Texas Bar No. 24149361
hroskelley@plattrichmond.com
1201 N. Riverfront Blvd., Suite 100
Dallas, Texas 75207
Telephone: 214.559.2700
Fax: 214.559.4390

**COUNSEL FOR PLAINTIFF**
**LWC ASSETS IP, LLC**